[No. 11481. Department Two. March 27, 1914.]

ELMER E. CALHOUN, *Appellant*, v. R. E. McCONAGHEY *et al.*, *Respondents.*[1]

MORTGAGES—CONSTRUCTION—ADVANCES—ESTOPPEL. A mortgagee, accepting a mortgage for $4,000, on advancing $2,000, is estopped to claim, as against a second mortgagee, that sums paid by him to discharge taxes and assessment liens were not advancements under the mortgage but were paid extrinsically of the mortgage and for the sole purpose of protecting his lien for $2,000, where the mortgagor had agreed with the second mortgagee that the taxes and assessment liens should be discharged from the proceeds of the first mortgage, and the first mortgagee had notice thereof, or of sufficient facts to put him on inquiry.

SAME—EXTENT OF LIEN—TAXES AND LIENS PAID. Where a first mortgagee advanced $2,000 of the $4,000 secured, under the mortgagee's agreement with a second mortgagee to discharge taxes and assessment liens with the balance of the proceeds of the first mortgage, but the first mortgagee in fact paid out more than $2,000 in discharging taxes and liens, equity requires that the excess sums be returned to him, or else that he be allowed to foreclose the mortgage for the full amount advanced.

SAME—DISCHARGE—TENDER—AMOUNT DUE. An insufficient tender of the amount due on the first mortgage will not defeat the right of a second mortgagee to stay the foreclosure, where it is apparent that a tender of the full sum would not have been accepted, and where the second mortgagee offers to do equity.

[1]Reported in 139 Pac. 635.

Appeal· from a judgment of the superior court for King county, Dykeman, J., entered February 19, 1913, dismissing an action to foreclose a mortgage, after a trial on the merits to the court. Modified.

*Charles F. Riddell,* for appellant.

*Jay C. Allen,* for respondents.

FULLERTON, J.—On April 17, 1911, pursuant to a contract theretofore entered into between them, the respondent McConaghey deeded to the defendant Samuel T. Calhoun a certain described tract of land, situated in the city of Seattle. Samuel T. Calhoun thereupon gave a first mortgage thereon to the appellant, Elmer E. Calhoun, to secure the sum of $4,000, payable five years after date, with interest at seven per centum per annum payable semi-annually, and a second mortgage to the respondent McConaghey to secure the sum of $3,500. The contract between Samuel T. Calhoun and McConaghey before referred to is not made clear by the record, but it can be gathered therefrom that Calhoun was to pay, out of the proceeds of the first mortgage, the sum of $1,200 to McConaghey; expend $800 in moving certain buildings owned by him onto the land; pay the then due state, county, and city taxes levied upon the land; pay the special assessments for street improvements which the city of Seattle had then levied thereon, and certain other special assessments which it was known would be levied thereon for a street improvement then in the process of completion; the amount of this latter sum seemingly not being definitely fixed or known at the time of the execution of the deed and mortgages. Samuel T. Calhoun delivered the first mortgage to Elmer E. Calhoun, who advanced him thereon $2,000. Of this sum, $1,200 was paid to McConaghey, and the greater part of the remainder, if not the whole thereof, was paid in moving buildings onto the mortgaged premises. Subsequently, on October 11, 1911, the appellant paid the taxes

and special assessments on the property, the same aggregating in principal and interest $2,472.45, and on April 24, 1912, he paid the first half of the general taxes thereon for the year 1911, amounting to $23.14.

On the last named date, the present action was begun by Elmer E. Calhoun to foreclose the mortgage executed in his favor. In his complaint, he alleged that the mortgage was executed in consideration of $2,000 advanced to the use of the mortgagors; that, in order to protect the property from sale to the destruction of the lien of the mortgage, he was compelled to pay and did pay the taxes and special assessments above mentioned; that the same had not been repaid to him; and that, in virtue of the conditions of the mortgage, he was entitled to elect and did elect to declare the mortgage debt due and payable, and prayed for a foreclosure of the mortgage for the sum advanced thereon and the sums paid to satisfy the tax and assessment liens. Samuel T. Calhoun and McConaghey filed answers to the complaint. Calhoun's answer was a practical admission of all of the matters alleged therein. McConaghey set up the contract between himself and Samuel T. Calhoun, and alleged that the mortgage was given on the understanding that the mortgagee should pay and discharge the assessment and tax liens, and that the amount so paid by the mortgagee in satisfaction of such liens went into and became a part of the mortgage lien and was represented thereby; that, prior to the commencement of the foreclosure action, he tendered to the mortgagee all interest due upon the mortgage, and stood then ready and willing to pay the same, and prayed that the mortgagee take nothing by his action. A reply was filed denying the new matter in the answer. On the issues made, a trial was had resulting in a judgment dismissing the action without prejudice. From this judgment, Elmer E. Calhoun appeals.

The evidence, as we read the record, does not sustain, in their entirety, the contentions of either party. While it is true that the appellant testified to the facts substantially as

he set them forth in his complaint, we think other matters shown in the record estop him from claiming, as against the second mortgagee, that the entire sum paid on the tax and assessment liens was paid extrinsically of the mortgage or for the sole purpose of protecting the lien of the mortgage for the two thousand dollars theretofore advanced. These sums were agreed between the common mortgagor and the subsequent mortgagee to be paid out of the proceeds of the first mortgage, and while the appellant may not have had knowledge of the actual terms of the agreement, he had sufficient knowledge to put him upon inquiry, and by accepting the mortgage he was bound to carry out the terms of the agreement to the extent of advancing the full sum called for by the face of the mortgage. In other words, he could not, to the detriment of the second mortgagee, claim that the first mortgage was something different than it purported to be upon its face. This principle requires that two thousand dollars of the sum paid upon the liens be treated as an advancement under the mortgage, and not as the payment of superior liens made to protect the lien of the mortgage.

On the other hand, since the transaction seems to have been entered into by all of the parties in the utmost good faith, there is no reason why the appellant should be required to carry the overplus paid on account of the liens either as against the mortgagor or the subsequent mortgagee. The record also shows that the appellant has paid subsequently accruing taxes on the property, not included in the taxes to be paid out of the proceeds of the mortgage. Equity requires that these sums be returned to him either by the mortgagor or the subsequent mortgagee, else he be allowed to foreclose the mortgage for the full amount advanced.

The tender made by the respondent McConaghey did not include this overplus nor the subsequent taxes paid, and the tender made was not made perhaps until after the action was begun. The evidence, however, makes it clear that no tender whatever short of the payment of the entire sum advanced

by the appellant in excess of the sum of two thousand dollars would have been accepted by him, and since we hold he was not entitled to this sum, and the respondent has offered to do equity, we think he should be given an opportunity to pay the actual amount due before a foreclosure is had.

The judgment appealed from is, therefore, reversed, and the cause remanded with instructions to reinstate the action, and ascertain, (1) the amount advanced by the pleaintiff to the use of the mortgagor in excess of the face of the mortgage; (2) the taxes paid by the plaintiff accruing after the execution of the mortgage; (3) interest on these several sums from the time of their advancement; (4) interest due by the terms of the mortgage (calculating such interest from the time the several sums going to make up the face of the mortgage were actually made); and (5) allow the defendants sixty days in which to pay the same into court for the use of the plaintiff. If such sums are paid within such time, the action will be dismissed. If not so paid, a decree foreclosing the mortgage will be entered.

CROW, C. J., MOUNT, MORRIS, and PARKER, JJ., concur.